SHEPPARD MULLIN RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
STEVEN B. SACKS. Cal. Bar No. 98875
ssacks@sheppardmullin.com
KRISTY E. YOUNG, Cal. Bar No. 260542
kyoung@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:   415-434-3947

Attorneys for Plaintiff
TEXTRON FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>SPANISH SPRINGS II, LLC, et al.,<br><br>                    Defendants. | Case No.  CV09-01205 JFW (PJWx)<br><br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |
| SPANISH SPRINGS II, LLC, et al.,<br><br>                    Counterclaimants,<br><br>        v.<br><br>TEXTRON FINANCIAL CORPORATION,<br><br>                    Counterdefendant. | |

-1-

STIPULATED PROTECTIVE ORDER

1    The parties to this action, by and through their respective counsel of record,

2  hereby agree and stipulate, pursuant to Federal Rules of Civil Procedure Sections 26(c) and

3  29(b), and Local Rules 7-1 and 52-9, that the Court shall enter a Protective Order on the

4  following terms:

5

6    1.    As used herein, "Confidential Information" means any type of

7  information, including, but not limited to, documents, deposition transcripts, answers to

8  interrogatories and any other written, electronic or recorded material supplied by one party

9  or a non-party witness ("Supplying Party") to another party ("Receiving Party") in this

10  action, which contains confidential, proprietary, trade secret, or competitively sensitive

11  information relating to pricing, underwriting, credit determinations, and related

12  information which is designated as "confidential" as provided in Paragraphs 2 and 3,

13  below.  As used herein, the term "document" shall include anything coming within the

14  definition of "Writings and Recordings" set forth in Federal Rule of Evidence 1001 and

15  includes, without limitation, electronic mail, computer disks, diskettes, and data contained

16  on any computer hard drives.

17

18    2.    Any party may designate as Confidential Information any information

19  believed in good faith by such party to constitute confidential, business, financial,

20  proprietary, trade secret or commercial data of a sensitive nature pertaining to such party

21  ("Designating Party"); provided, however, that the obligations of non-disclosure of such

22  information imposed by Paragraph 4 of this Stipulated Protective Order commence on the

23  date that such information was or is so designated and the Receiving Party is informed of

24  that designation.

25

26    3.    Any Confidential Information supplied in written or documentary

27  form shall be labeled by the Designating Party as "Confidential-Subject to Protective

28  Order."

W02-WEST:5KEY1\402232153.2                                    STIPULATED PROTECTIVE ORDER

4.      All Confidential Information shall be maintained in confidence, and not disclosed, directly or indirectly, to any person except as provided in this paragraph. For each party other than the Designating Party, access to Confidential Information shall be limited to the party receiving the information; counsel for the party, whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm); in-house counsel for any party, including legal staff and supervisors in the legal department if any, of the party; pursuant to the provisions of paragraph 7 of this Stipulated Protective Order, persons employed by the party's attorney to furnish expert and litigation support services; directors, officers and employees of the party to whom it is necessary that the materials be shown for purposes of this legal action; pursuant to the restrictions set forth in Paragraph 6 of this Stipulated Protective Order, deponents incident to their depositions; pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order, officers of the Court, witnesses in any legal proceeding in this action for which it is relevant, and members of the jury; and such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.  Said access shall be for the sole limited purpose of use in or pertaining to this litigation.

5.      A designation of confidentiality pursuant to this Stipulated Protective Order shall be effective and shall be respected by the parties hereto and all persons in any way involved in these proceedings or to whose attention the aforesaid material or information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action.

6.      Confidential Information designated by a party as "Confidential" may be disclosed by any other party to a deponent during the deponent's deposition provided that the deponent has been informed of this Stipulated Protective Order and advised of the limitations on disclosure of Confidential Information.

STIPULATED PROTECTIVE ORDER

7.      Confidential Information held by a party may be disclosed to persons who are employed or otherwise bound by counsel to furnish expert services, to give expert testimony, or otherwise to aid in the preparation for trial of this action, provided that prior to such disclosure such person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in the form of a Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated Protective Order and agrees to comply with its terms.

8.      Nothing herein shall prohibit a party, or its counsel, from disclosing a document which constitutes Confidential Information to the person whom the document identifies as an author, addressee or recipient of such document.

9.      With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to Confidential Information, the reporter will be informed of this Stipulated Protective Order by the party seeking confidentiality and will be required to operate in a manner consistent therewith.  The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Confidential-Subject to Protective Order."  Counsel for the respective parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" from being disclosed to any person except as provided in this Stipulated Protective Order.  Each Designating Party shall provide the other parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the party has designated as "Confidential."  Unless the parties otherwise agree, such list shall be provided to the other parties within ten business days after receipt by counsel for the respective parties of a copy of any deposition transcript.  All documents, including deposition transcripts, containing Confidential Information which are filed or lodged with the Court, shall be filed or lodged in accordance with Local Rule 79-5, in a sealed

envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

10. "This envelope is sealed and contains confidential information filed [or lodged] in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the court or pursuant to stipulation of the parties to this action."

11. The envelope or container shall not be opened without order of the Court except by officers of the Court and counsel of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

12. In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action that contains or discusses Confidential Information ("Confidential Testimony") shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information, or to the Court under seal. Any party filing Confidential Information or Confidential Testimony with the Court shall indicate to the Court on filing what portion(s) thereof are subject to this Stipulated Protective Order, and that the pretrial presentation of such Confidential Information or Confidential Testimony shall be filed under seal. All such Confidential Information and transcripts of Confidential Testimony shall be kept by the clerk under seal and shall be made available only to the Court and its staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

13.     Nothing in this Stipulated Protective Order shall preclude a party from applying to the Court for an order removing any "Confidential" designation from information.  If the Court finds it appropriate, the Court may examine the designated material or hear the designated testimony in camera.  Neither party shall be obligated to challenge the propriety of the confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.  In the event of such a challenge, the party seeking confidentiality for particular documents or information shall have the burden of establishing confidentiality for the particular documents or information.

14.     The designation as Confidential Information of any material produced by a party during discovery in this action will not extend to an original or another copy of the material already in the possession, custody or control of another party or subsequently obtained by another party independent of discovery in this action.

15.     Inadvertent production of any document or other information that a party believes should be Confidential Information during discovery in this litigation shall be without prejudice to the producing party's right to designate that material designated as Confidential Information, or the receiving party's right to argue that such inadvertent production constitutes a waiver of privilege under applicable law.

16.     Prior to the trial of this action, counsel of record for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded any Confidential Information which may be disclosed during the course of trial.

17.     Nothing herein shall be deemed to restrict in any manner whatsoever the use by a party of its own documents or materials, whether designated Confidential Information or not.

W02-WEST:5KEY1\402232153.2                                    STIPULATED PROTECTIVE ORDER

18.     Nothing herein shall affect the right of any party to seek additional protection against the disclosure of any documents or materials.

19.     This Stipulated Protective Order may be modified by further order of this Court or by agreement of counsel for the parties hereto, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the clerk and made a part of the record in this case.

20.     Within ninety (90) days following the termination of this action, all Confidential Information designated as such by the Supplying Party shall be returned to the Supplying Party, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Supplying Party, shall be destroyed.  Counsel of record for each party shall attest to compliance with the terms of this Paragraph 20 in an affidavit or declaration served on each other party within the 90-day period.

21.     The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand.

22.     A waiver by any party of any provision of this Stipulated Protective Order for any purpose shall be strictly construed, and shall not constitute or be deemed to constitute a waiver (a) of any other provision of this Stipulated Protective Order; (b) for any other purpose; or (c) of any other right of such party.

23.     By entering into this Stipulated Protective Order, neither party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER

1   DATED:  October 2, 2009

2
                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3

4
5                  By        _____/s/ Steven B. Sacks_____

6                                    STEVEN B. SACKS
                                     Attorneys for Plaintiff
7                            TEXTRON FINANCIAL CORPORATION

8
    DATED:  October 2, 2009
9
10                            FOLEY, BEZEK, BEHLE & CURTIS LLP

11

12                 By        _____/s/ Thomas G. Foley_____

13                                   THOMAS G. FOLEY
14                           Attorneys for Defendants and Counterclaimants
                             JOHN E. KING, CAROLE KING and SPANISH
15                                     SPRINGS II, LLC

16

17

18                                      **ORDER**

19  For good cause shown, IT IS HEREBY ORDERED.

20

21  DATED:  October 5, 2009

22

23                           _____

24                           HONORABLE PATRICK J. WALSH
                             UNITED STATES DISTRICT JUDGE
25

26

27

28

1

2

**EXHIBIT A**

3

4

**DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED
PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

5

6              I, _____, hereby declare:

7

8              1.     My address is _____.  My telephone

9     number is (__) _____-_____.

10

11             2.     I have read, understand and agree to be bound by the terms of the

12    Stipulated Protective Order Re Confidential Information ("Protective Order"), entered in

13    this action, *Textron Financial Corporation v. Spanish Springs II, LLC*, Case No. 09-12005

14    JFW (PJWx), in the United States District Court, Central District of California.

15             3.     I understand that this Protective Order requires me not to disclose any

16    information designated as CONFIDENTIAL, which is provided to me in the course of my

17    involvement in this litigation, to any person not authorized by this Protective Order to

18    receive such information, or to use any information designated as CONFIDENTIAL other

19    than for the sole limited purpose of use in or pertaining to this litigation.

20             4.     I agree that I will return or destroy all documents containing any

21    information designated as CONFIDENTIAL that have been provided to me, together with

22    any work product including such information designated as CONFIDENTIAL, upon the

23    conclusion of my involvement in this litigation, but not later than 90 days following the

24    termination of the litigation.

25             5.     I consent to the jurisdiction of the United States District Court for the

26    Central District of California with respect to any actions of any kind whatsoever relative to

27    the enforcement of the Protective Order.

28

EXHIBIT A<br>-9-

1          I declare under penalty of perjury under the laws of the United States of

2  American that the foregoing is true and correct.

3

4          Executed on _____, 20__ at _____ (city), _____

5  _____ (state).

6

7          _____

8          Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

-10-