Thomas G. Foley, Jr. SBN: 065812
Justin P. Karczag, SBN 223764
**FOLEY BEZEK BEHLE & CURTIS, LLP**
15 West Carrillo Street
Santa Barbara, California 93101
Telephone (805) 962-9495
Facsimile (805) 962-0722
Email TFoley@FoleyBezek.com
       JKarczag@FoleyBezek.com

Attorneys for Defendants and Counter Claimants

# UNITED STAES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPANISH SPRINGS II, LLC, a California limited liability company; JOHN E. KING; and CAROLE KING,<br><br>　　　　　Defendants. | Case No.  CV09-01205JFW (PJWx)<br><br>Related to: CV09-01204JFW (PJWx)<br><br>**Assigned to the Hon. John F. Walter**<br><br>**DEFENDANTS/COUNTER CLAIMANTS' OPPOSITION TO TEXTRON'S MOTION TO STRIKE THE GUARANTOR DEFENDANTS' AND COUNTER CLAIMANTS' JURY DEMAND** |
| SPANISH SPRINGS II, LLC, a California limited liability company; JOHN E. KING; and CAROLE KING,<br><br>　　　　　Counterclaimants,<br><br>　　v.<br><br>TEXTRON FINANCIAL CORPORATION, a Delaware Corporation,<br><br>　　　　　Counterdefendant. | Hearing Date:　November 2, 2009<br>Time:　　　　　1:30 p.m.<br>Room:　　　　　16<br><br><br>Complaint Filed: February 19, 2009<br>First Amended Filed: March 24, 2009<br>Trial Date: December 15, 2009 |

# **TABLE OF CONTENTS**

**1. Introduction.** ........................................................................................................... **1**

**2. Applying California's Substantive Law Of Contract Interpretation And Enforcement, There Is No Dispute That The Jury Waiver Would Be Invalidated.** ........................................................................................ **3**

    **A. California Substantive Law Applies.** ............................................................. **3**

    **B. California State Courts Would Invalidate The Precontractual Dispute Jury Waiver That Textron Seeks To Enforce Here.** ................... **4**

**3. Applying The Proper Choice Of Law Analysis Demonstrates That The Guarantors' Purported Jury Waivers May Not Be Enforced Because They Violate A Fundamental California State Right.** ....................... **6**

**4. Textron Has Moved To Strike Only The Jury Demand Of The Guarantors And Has Not Moved To Strike The Jury Demand Of The Borrowers, Which Means That The Borrowers' Affirmative Claims Would Still Be Subject To Trial By Jury.** ............................................... **7**

**5. Conclusion.** ............................................................................................................. **8**

## 1. Introduction.

In Defendant Spanish Springs II, LLC's ("Spanish Springs") and Defendants John E. King's, and Carole King's Answer and Counter Claim they request trial by jury. In Defendant Vaquero De Los Robles, LLC's ("Vaquero") and Defendants John E. King's, Carole King's and John G. King's (collectively the "Guarantors") Answer and Counter Claim they also request trial by jury.

The loan agreements executed by Spanish Springs and Vaquero involved in this case were to provide funds to two California limited liability companies to purchase real property located in California. The guarantors of the Vaquero loan, John E. King, Carole King and John G. King, are all California residents. John E. King and Carole King are also the guarantors of the Spanish Springs loan.

Sections 10.7 of both the Spanish Springs and Vaquero loan agreements provide that Textron Financial Corporation ("Textron") has the ability to choose which of four seperate courts it may initiate litigation against the two borrowers: Rhode Island state court, the federal district court for the State of Rhode Island, California state court, or the federal district court for the State of California, and that the borrowers consent in advance to whichever court Textron elects to file litigation.

Textron voluntarily chose to file its Complaints against Spanish Springs, Vaquero and the Guarantors in the federal district court for the Central District of California.

Under controlling legal precedence, even Textron admits that California state courts would not enforce the *contractual* pre-dispute jury waiver here because such waivers violate a fundamental right.[1] It is also undisputed that in the Ninth Circuit when "the jurisdiction of the District Court derives from diversity, the meaning of the contract and the rights flowing from it are governed by State law."[2] Thus the question

---

[1] *Grafton Partners L.P. v. Superior Court* (2005) 36 Cal.4th 944, 951.

[2] *Pacific Portland Cement Co. v. Food Mach. & Chem Corp.*, 178 F.2d 541, 546 (9th Cir. 1949) (citing to *Angel v. Bullington*, 330 U.S. 183 (1947); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949); *Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949)); *See also Albert v. Joralemon*, 271 F.2d 236, 239 (9th Cir. 1959) (quoting the statement from *Pacific Portland Cement* above and following the forum state's

is not as Textron frames it—whether there is a right *a fortiori* to a jury trial and the corresponding federal law applicable to such an analysis—but, the true question is applying California state law for interpreting and enforcing contracts, whether the contractual provision that purports to waive the right to a jury may be enforced.

Textron evades this question and the corresponding analysis because it is fatal to Textron's argument.  Textron chooses to rely upon Federal Courts in other jurisdictions that have enforced jury waivers, none of which where in conflict with a fundamental right of the state in which those Federal Courts sit.  Tellingly absent from Textron's brief is a single case whereby the Federal Courts entertained the choice of law analysis and determined that though a contractual jury waiver violated the forum state's substantive policy, the district court would nevertheless enforce it.

The Northern District of California recently expressed skepticism of the very same argument that Textron makes here, namely that "federal law" would enforce jury dispute waivers when a state's substantive law would invalidate them.  In *Financial Technology Partners L.P. v. FNX Limited*, Judge White noted that the rationale behind the Supreme Court's decision in *Simler* was designed to ensure that parties could receive the benefit of the 7th Amendment's *right* to a jury trial—and not any "contractual right" to deny the other side a jury.[3]  Judge White concluded that application of state law that is more protective of the right to a jury is consistent with *Simler*.[4]  The inescapable conclusion is that the contrary position, and Textron's position here, that federal law should be applied to invalidate a state right to a jury, is not binding on this Court.[5]

As shown below, applying the proper analysis and application of choice of law and contract interpretation principles, the pre-dispute contractual jury waivers in the Textron guarantees cannot be enforced.

---

laws in determining the enforceability of a waiver in a diversity action).

[3] *Financial Technology Partners, L.P. v. FNX Ltd.*, 2009 U.S. Dist. LEXIS 18657 (N. D. Cal. 2009 unpublished).

[4] *Id.* at *3-4.

[5] *Id.*

## 2. Applying California's Substantive Law of Contract Interpretation and Enforcement, there is No Dispute that the Jury Waiver Would Be Invalidated.

### A. California Substantive Law Applies.

Federal courts sitting in diversity must apply the state substantive law and only apply the federal law when dealing with procedural issues.[6] Textron admits that a jury waiver is contractual right and contractual rights are considered substantive issues.[7] The law in the Ninth Circuit could not be more clear: "as the jurisdiction of the District Court derives from diversity, the meaning of the contract and the rights flowing from it are governed by State law."[8]

Even the cases cited by Textron do not stand for a contrary proposition. None of the cases cited by Textron addressed a conflict between a State's bar of a jury waiver vs. a Federal Court's upholding of a waiver. Indeed, Textron confuses the law when it cites to a portion of the Supreme Court case *Simler v. Conner*, in which it states that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. Textron leaves out the pertinent language that follows where the Supreme Court affirms that "in diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law."[9] Textron's next case, *Med Air Tech. v. Marwan Inv., Inc.,* fairs no better because even though it cites to *Simlar*, when it begins to consider the enforceability of the purported jury waiver, it applies Massachusetts *State* law to the analysis.[10] Finally, it is of no

---

[6] *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996).

[7] Textron's Motion to Strike Jury Demand 5:19-20; *See, Los Angeles Nut House v. Holiday Hardware Corp.*, 825 F.2d 1351, 1353 (9th Cir. 1987) (choosing to follow the substantive laws of the forum state in a breach of contract diversity action).

[8] *Pacific Portland Cement Co. v. Food Mach. & Chem Corp.*, 178 F.2d 541, 546 (9th Cir. 1949) (citing to *Angel v. Bullington*, 330 U.S. 183 (1947); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949); *Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949)); *See also Albert v. Joralemon*, 271 F.2d 236, 239 (9th Cir. 1959) (quoting the statement from *Pacific Portland Cement* above and following the forum state's laws in determining the enforceability of a waiver in a diversity action).

[9] *Id.*, at 222.

[10] *See Medical Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 19 (1st Cir. Mass.

use because the First Circuit concluded that the record before it was insufficient to reach a conclusion and the issue was rendered moot by another aspect of its ruling.[11] Textron's second case, *Tracinda Corp. v. DalmerChrysler AG*, is equally unhelpful because the Third Circuit expressly acknowledged that the enforceability of the jury waiver was *not at issue* on appeal; rather the only issue before it was, assuming a valid jury waiver, could a nonsignatory be bound to it.[12]

### B. California State Courts Would Invalidate the Precontractual Dispute Jury Waiver that Textron Seeks to Enforce Here.

The California Constitution "treats the historical right to a jury resolution of disputes that have been brought to a judicial forum as fundamental."[13] The Constitution states that "trial by jury is an inviolative right and shall be secured to all."[14] California believes that "maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost

---

2002) ("In Massachusetts, 'if the parties execute two or more documents, with a manifested intent that the documents together express their entire agreement, a court reads the documents together, rather than construing each as if it stood alone.'")

[11] *Id.* at 20.

[12] *Tracinda Corp. v. Daimler Chriysler AG*, 502 F.3d 212, 222 (3rd Cir. 2007) ("Because Tracinda has not challenged the District Court's findings that the jury waiver was valid and that Schrempp was an agent of Daimler-Benz, we are left to determine whether the District Court correctly construed the jury waiver provision to cover the non-signatory agent of the signatory principal.") Textron's next case, *Merrill Lynch v. Allegheny*, is not helpful because it does not deal with a known conflict between federal and state law, and the reasoning of *Merrill Lynch* was brief, merely analogizing jury waivers to agreements to arbitrate and deciding as a matter of first impression in the Second Circuit that the jury dispute waiver before it would be enforced. *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2nd Cir. 2007). Textron's final case, *Applied Elastometrics*, also fairs no better because there, the court was considering only Federal Patent and licencsing claims under federal law and the only argument in support of invalidating the jury waiver was that no agreement was made; the *Applied Elastometrics* court concluded that because it had earlier found the contract had been made, the defense to the jury waiver was not persuasive. *Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, 521 F.Supp.2d 1031, 1044 (N.D. Cal. 2007).

[13] *Grafton Partners L.P. v. Superior Court*, 36 Cal.4th 944, 951 (2005).

[14] California Constitution, Article I Section 16.

4                              Case No.: 09-01205JFW (PJWx)
OPPOSITION TO TEXTRON'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND

care."[15]

The question of whether a pre-dispute contractual jury waiver is enforceable in California was answered directly by the California Supreme Court in 2005 in *Grafton Partners*.[16] In *Grafton Partners*, the California Supreme Court reviewed and analyzed the history of jury waivers and the public policy of the state of California noting that the right to a jury trial is so important "that it must be 'zealously guarded' in the face of a claimed waiver."[17] *Grafton Partners* expressly "rejected at the outset" the notion that the Constitution "discloses a neutral policy with respect to the issue of waiver of jury trial in a judicial proceeding."[18] *Grafton Partners* concluded that it violated fundamental California public policy to enforce contracts that purported to include a pre-dispute jury waiver.[19] The *Grafton Partners* court acknowledged and affirmed that *post*-dispute contractual jury waivers and *noncontractual* jury waivers have been and are enforceable.[20] But, the particular jury waiver presented before it, a clause in a contract (negotiated by sophisticated parties) that purported to waive the right to a jury was unconscionable and would not be enforced.

Here, it is undisputed that the purported jury waiver is precisely the sort of jury waiver at issue in *Grafton Partners*, a pre-dispute contractual jury waiver. Consequently, it cannot be disputed that applying California State substantive law of contract interpretation, as is required, would result in invalidation of the jury waiver.

Textron makes a few final arguments of state law, ultimately concluding that

---

[15] *Franchise Tax Bd. V. Superior Court* (2009) 177 Cal.App.4th 36, 99 Cal.Rptr.3d 73 (citing *Beacon Theatres v. Westover* 359 U.S. 500, 501 (1959)).

[16] *Grafton Partners L.P. v. Superior Court*, 36 Cal.4th 944 (2005).

[17] *Id*. at*.,* 956 (citing to *Byram v. Superior Court,* 74 Cal.App.3d 648, 654 (1977)).

[18] *Id.*; *See also Treo @ Kettner Homeowners Assn. v. Superior Court,* 166 Cal. App. 4th 1055, 1066 (2008) ("Grafton provides an analysis of the right to trial by jury anchored in our Constitution and the policy that the right is a fundamental one.").

[19] *Id.* at 952, noting that asserting a nonstatutory basis for a jury waiver is unconstitutional.

[20] *Id.* at 951 (noting that in California a jury may *only* be waived by failure to appear at trial, failure to demand a jury trial within a specified period after the case is set for trial, failure to pay required fees in advance or during trial, oral consent in open court, or written consent filed with the clerk or the court.)

striking the jury portion demand is contrary to California State law general principles of contract interpretation concluding that striking just this portion of the contract between the parties violates such precepts as "contracts should be construed as a whole" and be read in a manner that "does not render any provision nugatory". But, Textron's problem is that the California Supreme Court has already analyzed the issue of the enforceability of the pre-contractual dispute jury waiver under California State contract principles in *Grafton Partners*, and found that such a provision will not be enforced.

### 3. Applying the Proper Choice of Law Analysis Demonstrates that the Guarantors' Purported Jury Waivers may Not be Enforced Because They Violate a Fundamental California State Right.

The choice of law provision for Rhode Island law does not lead to a different result. Federal courts particularly look to state law when interpreting the unconscionability and enforceability of a contractual waiver.[21] When determining whether the choice of law provision in the Loan and Guaranty will be enforced, this Court applies the choice of law rules of the state in which it sits.[22]  In California, choice of law provisions will only be enforced if *both* of the following conditions are met: (a) the chosen state has no substantial relationship to the parties and (b) application of the law of the chosen state would be contrary to a fundamental policy of the state which has a materially greater interest than the chosen state in the determination of the issue.[23]

The choice of law provision in this case will not hold because first, the

---

[21] *See Davis v. Chase Bank USA, N.A.,* 299 Fed.Appx. 662, 663 (9th Cir. 2008) (looking to state law to determine whether an unconscionable class action waiver is enforceable); *Jackson v. S.A.W. Entertainment Ltd.*, 629 F.Supp.2d 1018, 1028 (N.D. Cal. 2009) (Looking to state law to determine whether an unconscionable statute of limitations waiver is enforceable); *Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (looking to state law to determine the unconscionability of a class arbitration waiver).

[22] *Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111 (9th Cir. 2006).

[23] Nedlloyd Lines B.V. v. Sup. Ct., 3 Cal.4th 459. 465 (1992).

application of upholding jury waivers would be contrary to a fundamental policy of California, and second, California has a materially greater interest in the matter than does Rhode Island.  California has a materially greater interest in this matter than Rhode Island because its Supreme Court has already weighed in finding that the right to a jury is an "inviolate" right, that, absent a legislatively enacted statutory waiver, may not be waived by agreement of the parties.  This right is guaranteed to all of California's citizens, including those that are Defendants in this action.  As Textron admits, the right to enforce a contractual jury waiver in Rhode Island is merely a "contractual right".  Weighing the interests of California in upholding its constitution as against the interest in Rhode Island of having its contract-based rights enforced, results in a finding of California's greater material interest every time.  Any other result would lead to the anomalous conclusion that a private contract right could trump a constitutional protection.

Moreover, as noted herein above, the loan agreements were to be performed in California. Both Spanish Springs and Vaquero are California limited liability companies. All the Guarantors are California residents. The real property which was pledged as collateral for the loans is located in California.

**4.  Textron has Moved to Strike only the Jury Demand of the Guarantors and has Not Moved to Strike the Jury Demand of the Borrowers, Which Means that the Borrowers' Affirmative Claims Would Still be Subject to Trial by Jury.**

Though Textron's motion papers conflate the term "Guarantors" with the term "Defendants" and use them interchangeably, a careful read reveals that:

- Textron admits that despite the bankruptcy, the borrowers' affirmative case proceeds;
- Textron admits that the jury waivers it is relying upon are those it made with the Guarantors only;
- And, Textron has pointed to no evidence nor provided any basis for striking the jury demand of the borrowers;

7                    Case No.: 09-01205JFW (PJWx)
OPPOSITION TO TEXTRON'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND

Consequently, even if Textron were to prevail, such a ruling would not result in any added efficiency or speed of the trial, because a jury would be empanelled to hear the borrowers' affirmative case. Textron has not addressed whether the court and jury should return separate verdicts for each, nor addressed the possibility of inconsistent rulings under such circumstance. Though the Guarantors do not believe there is a basis to strike the jury demand, if the Court were to do so, it should leave the borrowers' demand for a jury trial in place.

**5. Conclusion.**

Because the interpretation and enforceability of a contract is a matter of California State substantive law, and California State substantive law would invalidate the jury waiver provision, Textron's Motion to Strike the Jury Demand should be denied. The result is the same applying the choice of law analysis because the choice of law analysis shows that enforcing the jury waiver would violate California public policy and California has a materially greater interest in ensuring that the fundamental rights of its citizens are enforced than Rhode Island has in enforcing private contract rights.

Respectfully submitted,

DATED: October 19, 2009           **FOLEY BEZEK BEHLE & CURTIS, LLP**

By: _/s/ Justin P. Karczag
Justin P. Karczag
Attorneys for Defendants/Counterclaimants